COLEMAN, JUSTICE, DISSENTING: ¶ 12. Because the majority misapplies the presumption of correctness that applies to a return of process I, with respect, dissent. ¶ 13. In McCain v. Dauzat, 791 So.2d 839 (Miss. 2001), upon which the majority chiefly relies for its crucial premise that summons is presumed to have been served on Vitkauskas in the case sub judice, the process server provided a sworn affidavit and a sworn return of process that identified the defendant as the individual upon whom process had been served. Id. at 841 (¶ 2) (“[T]he proof of service indicates that a summons and copy of the complaint were personally served on McCain. ... ”) The presumption is not that a defendánt claiming not to have been served is presumed to have been served, but that the return of service of process accurately reflects the identity of the person served. Id. at 842 (¶ 8) (“[A] return of prócess is presumed to be correct. ... ”) If anything, in the instant case the presumption operates in favor of Vitkauskas’s claim not to have been served, as the return receipt identifies the person served as the mysterious Mary. ¶ 14, In any event, from the misapplication of the presumption, the majority concludes that a rebuttable presumption exists that the return receipt was signed by the defendant or his authorized agent. The majority cites no additional authority for its conclusion other than a postal service manual. Cértainly, the majority canfiot mean that, as a matter of law, a defendant himself is presumed to have signed a return receipt when all agree that someone else’s signature appears upon it. Moreover, presuming that a postal service regulation was properly observed by an unidentified postal service employee differs in a fundamental manner from presuming that summons was properly served based on a sworn return of process or affidavit identifying by name both the server and the defendant ás the person served. Finally, the majority skips a necessary step, in that the majority does not establish that authorizing another as an agent for the purpose of accepting certified mail pursuant to the postafi manual equates to authorizing another to accept service of process in a manner satisfying the requirements- of due process. ¶ 15,'For the foregoing reasons, I cannot agree with the majority’s creation of a new presumption that, when summons is certified via certified mail, a return of service signed by any unidentified person creates a presumption that the plaintiff properly served the defendant. Because the trial court and Court of Appeals were correct, I would affirm. MAXWELL, J., JOINS THIS OPINION.